FUJIWARA AND ROSENBAUM, LLLC

ELIZABETH JUBIN FUJIWARA    3558
JOSEPH T. ROSENBAUM         9205
1100 Alakea Street, FL 20, Suite B
Honolulu, Hawai`i 96813
Telephone: (808) 203-5436

Attorneys for Plaintiff
JOHN DOE 1

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DOE 1, | ) CIVIL NO. |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) COMPLAINT; DEMAND FOR |
| vs. | ) JURY TRIAL |
| | ) |
| ADVANCED MICRO TARGETING, | ) |
| INC., a foreign profit corporation; | ) |
| JOHN DOES 2-10; JANE DOES 1-10; | ) |
| DOE CORPORATIONS 1-10; DOE | ) |
| PARTNERSHIPS 1-10; DOE | ) |
| UNINCORPORATED | ) |
| ORGANIZATIONS 1-10; | ) |
| DOE ENTITIES 1-10; and DOE | ) |
| GOVERNMENTAL AGENCIES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## COMPLAINT

COMES NOW Plaintiff JOHN DOE 1 by and through his attorneys, Elizabeth Jubin Fujiwara and Joseph T. Rosenbaum, and alleges and claims against Defendants above-named as follows:

## NATURE OF ACTION

1.    This is a lawsuit in which Plaintiff suffered from, *inter alia*, sexual harassment and sex assault as an employee at ADVANCED MICRO TARGETING, INC. (hereinafter referred to as "AMT").

## JURISDICTION AND VENUE

1.    JOHN DOE brings this action pursuant, including, but not limited to, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., for violation of his civil rights under said statute and also his common law rights to obtain full and complete relief and to redress the tortious conduct described herein.

2.    At all times relevant herein, JOHN DOE 1 was a male citizen of the United States and domiciled in the City and County of Honolulu.

3.    At all times relevant herein, Defendant ADVANCED MICRO TARGETING, INC. is a private corporation incorporated in the State of Texas.

4.    Defendants JOHN DOES 2-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE UNINCORPORATED ORGANIZATIONS 1-10, and DOE GOVERNMENTAL

AGENCIES 1-10 are sued herein under fictitious names because their true names, identities and capacities are unknown to the JOHN DOE 1, except that they are connected in some manner with Defendants, and are/were agents, servants, employees, employers, representatives, co-venturers, associates, or independent contractors of Defendants herein, and were acting with the permission and consent and within the course and scope of said agency and employment and/or were in some manner presently unknown to the JOHN DOE 1 engaged in the activities alleged herein and/or were in some way responsible for the injuries or damages to the JOHN DOE 1, which activities were a proximate cause of said injuries or damages to the JOHN DOE 1.  JOHN DOE 1 has made good faith and diligent efforts to identify said Defendants, including interviewing individuals with knowledge of the claims herein. At such time as their true names and identities become known, JOHN DOE 1 will amend this Complaint accordingly.

5.     All Defendants will be collectively referred to as "DEFENDANTS".

6.     All events done by Defendants described herein occurred within the City and County of Honolulu, State of Hawaii, and within the jurisdiction and venue of the Untied States Federal District Court for the District of Hawai'i.

7.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1343.

3

8.      Jurisdiction and Venue are proper in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the instant claim occurred within this District and because at least one party resided in this District.

## PARTIES

2.      JOHN DOE 1, at all times relevant herein, was a resident of the City and County of Honolulu and employed by AMT.

3.      At all times relevant herein, AMT is an employer within the meaning of 42 U.S.C. 2000e, et seq. and its principal place of business is in Dallas, Texas.

4.      At all times relevant herein, AMT's employees, agents and/or representatives, were acting within the course and scope of their duties as employees, agents and/or representatives of AMT; therefore, AMT is liable for the intentional and/or tortious and/or wrongful conduct of said employees, agents and/or representatives pursuant to the doctrine of Respondeat Superior and/or principles of Agency.

## STATEMENT OF FACTS

5.      JOHN DOE 1 is a male.

6.      JOHN DOE 1  was hired by AMT on or about April 28, 2023.

7.      While working for AMT in 2023, JOHN DOE 1 was assigned

4

to work in Honolulu, Hawai'i and was domiciled in a hotel room provided by AMT for its employees in Hawai'i.

8.      In or about July 2023, JOHN DOE 1 informed his AMT manager that JOHN DOE 1's male coworker was coming on to JOHN DOE 1, flirting with JOHN DOE 1, and hitting on JOHN DOE 1.

9.      JOHN DOE 1 reported this to his manager and informed his manager that JOHN DOE 1 was not comfortable with this.

10.      JOHN DOE 1 informed his manager that he did not want to stay in a work-related hotel room in Honolulu, Hawai'i with the co-worker who was harassing him.

11.      JOHN DOE 1's  manager came back to JOHN DOE 1  and told JOHN DOE 1 that JOHN DOE 1 had to stay with said coworker in the same hotel room as AMT had limited rooms at the hotel for employees to stay in.

12.      Thereafter, on July 16, 2023, JOHN DOE 1 was sexually assaulted by his coworker after being housed with him in the same hotel room for work.

13.      The sex harassment and physical sexual assault were both verbal and physical in nature and clearly created a hostile working environment.

14.      On May 8, 2024, JOHN DOE 1 filed is Declaration with the U.S. Equal Employment Opportunity Commission ("EEOC") in Honolulu for the

conduct related above.

15.    On December 16, 2024, the EEOC issued JOHN DOE 1 his "right to sue" letter.

16.    JOHN DOE 1 has hereby timely filed his lawsuit based on the ninety (90) day deadline for filing as noted in the EEOC right to sue letter.

## COUNT I
## SEXUAL HARASSMENT

17.    JOHN DOE 1 incorporates paragraphs 1 through 16 as though fully set forth herein.

18.     An employer shall not discriminate against an employee based on sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

19.    The conduct of AMT, its agents, representatives and employees, substantially interfered with the employment of JOHN DOE 1  and created an intimidating, hostile, and offensive work environment in which he was subjected to harassment of a sexual nature and/or motivated by sexual animus of which his supervisors were aware.

20.    The conduct was unwelcome, severe and pervasive.

21.    The purpose or effect of the harassment unreasonably interfered with JOHN DOE 1's work performance and/or creating an intimidating, hostile, and/or offensive work environment of which his supervisors were aware.

22.    AMT failed to provide JOHN DOE 1 with employment

conditions and relationships where he could safely work, free from physical sexual harassment.

23.     This hostile work environment in which AMT allowed its employees to commit sexual harassment was even further exacerbated by not taking prompt and corrective action, was a clear violation of JOHN DOE 1's rights.

24.     AMT failed to thoroughly investigate JOHN DOE 1 complaints of sexual harassment.

25.     AMT also failed to take appropriate action when it knew or should have known of the sexual harassment by co-workers,

26.     AMT failed to discharge, suspend, reprimand, or otherwise discipline workers and supervisors, who either perpetrated, acquiesced in or ignored the sexual harassment.

27.     JOHN DOE 1 actually perceived the conduct as having such purpose or effect.

28.     JOHN DOE 1's perception was that of a reasonable man.

29.     AMT's actions were willful and wanton.

30.     The sexual harassment of JOHN DOE 1 and the ensuing creation of a hostile work environment evidences a discriminatory environment

towards JOHN DOE 1 at AMT in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq.

31.    These aforementioned acts and/or conduct of AMT entitle JOHN DOE 1 to damages as provided by law. As a direct and proximate result of said unlawful employment practices and disregard for JOHN DOE 1's rights and sensibilities, he has suffered economic, general and special damages.

32.    As a further direct and proximate result of said unlawful employment practices, JOHN DOE 1 has suffered the indignity of discrimination, the invasion of his right to be free from discrimination and great humiliation, which is manifest in physical illness and/or emotional stress.

33.    As a further direct and proximate result of said unlawful employment practices, JOHN DOE 1 has also suffered extreme mental anguish, outrage, depression, great humiliation, severe anxiety about his future and his ability to support himself, as well as painful embarrassment among his co-workers, relatives and friends, damage to his good reputation, disruption of his personal life, loss of enjoyment of the ordinary pleasures of everyday life and other general damages in an amount which meets the minimal jurisdictional limits of this Court.

34.    As a further result of AMT's actions, JOHN DOE 1 has necessarily retained attorneys to prosecute this action. He is therefore entitled to an

award of reasonable attorneys' fees and litigation expenses incurred in bringing this lawsuit.

## COUNT II
## ASSAULT AND BATTERY

35.    JOHN DOE 1 realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 34 of the Complaint as if the same were set forth in their entirety and further alleges as follows:

36.    That an AMT employee did willfully and intentionally sexually assault JOHN DOE 1.

37.    As a direct and proximate result of AMT's employees willful and intentional conduct as aforesaid, JOHN DOE 1 sustained injuries to his person and his life; suffered and continues to suffer great pain of body and mind, emotional distress and loss of enjoyment of life; and incurred medical and other expenses for treatment of injuries sustained in assault and battery, all in an amount to be proven at the time of trial hereof.

38.    By reason of the foregoing, JOHN DOE 1 has sustained special and general damages in an amount to be shown at trial in excess of the minimum jurisdictional limits

## COUNT III
## INVASION OF PRIVACY

39.     JOHN DOE 1 realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 38 of the Complaint as if the same were set forth in their entirety and further alleges as follows:

40.     At all times relevant hereto, AMT's employee wrongfully, willfully and intentionally invaded the privacy of Plaintiff in a matter that would outrage or cause mental suffering to a person of ordinary sensibility.

41.     As a result of AMT's employee's invasion of privacy, Plaintiff is entitled to general and special damages in an amount which meets the minimal jurisdictional requirements of the Court.

## COUNT IV
## VIOLATION OF THE WHISTLEBLOWER PROTECTION ACT, H.R.S. §378-62

42.     JOHN DOE 1 realleges and incorporate paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     The aforesaid discharge, was in violation of H.R.S. §378-62, *et seq.*, which provides in pertinent part as follows:

§ 378-62. Discharge of, threats to, or discrimination against employee for reporting violations of law.

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:
(1) The employee, or a person acting on behalf of the employee, reports or is about to report to the employer, or reports or is about to report

to a public body, verbally or in writing, a violation or a suspected violation of:

   (A) A law, rule, ordinance, or regulation, adopted pursuant to law of this State, a political subdivision of this State, or the United States;

   44.    As a direct and proximate result of AMT's violation of H.R.S. §378-62, *et seq.*, JOHN DOE 1 has suffered indignities, anguish, pain, emotional distress, fear, humiliation, damage to his reputation and career, and other damages in amounts to be proven at trial, including wage loss and attorney's fees. JOHN DOE 1 is entitled to the statutory remedies under the Whistleblower Protection Act "as the court considers appropriate, reinstatement of the employee . . ., payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney's fees and witness fees, if the court determines that the award is appropriate."

   45.    In addition thereto, AMT is subject to the imposition of fines pursuant to H.R.S. §378-65((a): "A person . . . who violates this part shall be fined not less than $500 nor more than $5,000 for each violation."

### COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

   46.    JOHN DOE 1 realleges and reincorporates herein by reference paragraphs 1 through 45 above as if the same were set forth in their entirety and

further alleges as follows:

47.    At all times relevant hereto, AMT acted willfully and/or intentionally and/or recklessly and as a direct and proximate cause of such willful, intentional and/or reckless conduct, JOHN DOE 1 suffered and continues to suffer severe emotional distress.

48.    AMT's treatment of JOHN DOE 1, as aforesaid, constitutes extreme and outrageous behavior which exceeds all bounds usually tolerated by society.

49.    AMT's acts and omissions were done with malice and/or with the intent to cause, and/or with the knowledge that it would cause severe mental distress JOHN DOE 1.

50.    As a direct and proximate result of AMT's wrongful, unlawful, and illegal acts and/or omissions, JOHN DOE 1 suffered and continues to suffer emotional and/or mental distress, thereby entitling him to relief related thereto in an amount which meets the minimal jurisdictional limits of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, JOHN DOE 1 respectfully prays that this Court enter judgment granting the following relief on all causes of action:

A.    That this Court enter a declaratory judgment that AMT has violated the rights of JOHN DOE 1;

B.      That this Court award JOHN DOE 1 special damages for the aforementioned Counts including but not limited to back pay, front pay, and all employee benefits that would have been enjoyed by him, in amounts which shall be shown at trial;

C.      That this Court award JOHN DOE 1 compensatory damages, proximately caused by AMT, all in an amount to be proven at trial;

D.      That this Court award JOHN DOE 1 exemplary or punitive damages in an amount to be proven at trial, as the facts aforesaid, constitutes extreme and outrageous behavior which exceeds all bounds usually tolerated by decent society. In committing the above acts and omissions, AMT acted wantonly and/or oppressively and/or with such malice as implies a spirit of mischief or criminal indifference to civil obligations and/or there has been some willful misconduct that demonstrates that entire want of care which would raise the presumption of a conscious indifference to consequences, justifying an award of punitive or exemplary damages in an amount to be proven at trial;

E.      That this Court award JOHN DOE 1 reasonable attorney's fees and costs of suit herein as well as prejudgment and post-judgment interest;

F.       That this Court order appropriate injunctive relief.

G.      That this Court retain jurisdiction over this action until AMT has fully complied with the order of this Court and that this Court require AMT to file such

reports as may be necessary to secure compliance;

   H. That this Court award JOHN DOE 1 such other and further relief both legal and equitable as this Court deems just, necessary and proper under the circumstances.

   DATED:  Honolulu, Hawaii, March 13, 2025.

         /s/ Jospeh T. Rosenbaum
         JOSEPH T. ROSENBAUM
         ELIZABETH JUBIN FUJIWARA
         Attorneys for Plaintiff
         JOHN DOE 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DOE 1, | ) CIVIL NO. |
| | ) (Other Civil Action) |
| Plaintiff, | ) |
| | ) DEMAND FOR JURY TRIAL |
| vs. | ) |
| | ) |
| ADVANCED MICRO TARGETING, INC., a foreign profit corporation; JOHN DOES 2-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; DOE ENTITIES 1-10; and DOE GOVERNMENTAL AGENCIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) ) |

## DEMAND FOR JURY TRIAL

Comes now, Plaintiff JOHN DOE 1, by and through his attorneys, Elizabeth Jubin Fujiwara and Joseph T. Rosenbaum at Fujiwara and Rosenbaum, LLLC and hereby demands trial by jury on all issues triable herein. This demand is made pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the records and files herein.

15

DATED: Honolulu, Hawaii, March 13, 2025.

/s/ Joseph T. Rosenbaum
ELIZABETH JUBIN FUJIWARA
JOSEPH T. ROSENBAUM
Attorneys for Plaintiff
JOHN DOE 1