IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN DOE 1, | ) | Civil No. 25-00116 MWJS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | PLAINTIFF JOHN DOE 1'S |
| | ) | COMPLAINT FOR FAILURE TO |
| ADVANCED MICRO | ) | PROSECUTE |
| TARGETING, INC.; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF JOHN DOE 1'S COMPLAINT FOR FAILURE TO PROSECUTE

On March 13, 2025, Plaintiff John Doe 1 ("Plaintiff"), represented by Elizabeth Jubin Fujiwara, Esq. ("Ms. Fujiwara"), and Joseph T. Rosenbaum, Esq. ("Mr. Rosenbaum"), filed this lawsuit against Defendant Advanced Micro Targeting, Inc. ("Defendant"). ECF No. 1.

On June 17, 2025, Ms. Fujiwara and Mr. Rosenbaum filed a motion to withdraw as counsel of record for Plaintiff ("Motion to Withdraw"). ECF No. 8. The basis of the withdrawal was that Plaintiff had ceased all communications with counsel, despite counsels' repeated attempts to contact Plaintiff by phone and email. *Id.* On June 27, 2025, the Court held a hearing on the Motion to Withdraw. ECF No. 11. Although the Court had previously ordered Plaintiff to appear at the

hearing, Plaintiff did not do so.  ECF Nos. 9, 11.  The Court granted the Motion to Withdraw.  ECF Nos. 11, 12.

The Court subsequently set a status conference for July 11, 2025.  ECF No. 11.  Again, Plaintiff failed to appear.  ECF No. 13.  On July 15, 2025, the Court issued an Order to Show Cause, ordering Plaintiff to explain in writing by August 8, 2025, why this action should not be dismissed for failure to prosecute ("07/15/2025 OSC").  ECF No. 14.  Plaintiff did not file a response to the 07/15/2025 OSC.

## DISCUSSION

Beyond filing the Complaint, Plaintiff has provided no indication of any inclination to prosecute this case.  Plaintiff filed his Complaint over five months ago, and there is nothing in the record indicating that he has served Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.  "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Fed. R. Civ. P. 4(c)(1).

The Supreme Court has previously stated:  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power . . . ."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (citations and quotation marks omitted).  Courts weigh five factors to determine whether dismissal is appropriate:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted).  For the reasons discussed below, the Court finds that the balance of these factors supports dismissal of this action.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  This case has been pending since March 2025.  There is nothing in the record indicating that Plaintiff has served Defendant or that Plaintiff intends to prosecute this case.  Plaintiff has failed to appear at two hearings and failed to respond to the 07/15/2025 OSC.  This factor thus weighs in favor of dismissal.

Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to manage its docket.

Third, the risk of prejudice to Defendant weighs in favor of dismissal.  Allowing this case to proceed would prejudice Defendant because Plaintiff has "offered no clear explanations" for the delay and "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."  *Id.* at 643 (citation omitted).

Fourth, the Court has considered less drastic alternatives.  The Court, and Plaintiff's previous counsel, have made multiple attempts to reach Plaintiff.  Plaintiff failed to appear at two hearings in a row.  The Court subsequently issued

the 07/15/2025 OSC, warning Plaintiff that failure to respond would result in a recommendation that the district court dismiss his claims. ECF No. 14 at 2. The Court finds that recommending a lesser sanction would be futile because Plaintiff has demonstrated that such action would not compel him to take the necessary steps to prosecute this action.

Finally, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case and the fact that Plaintiff has failed to respond to the 07/15/2025 OSC, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, 671 F. App'x 1001 (9th Cir. 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, this Court recommends that the district court dismiss the Complaint without prejudice.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 20, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*John Doe 1 v. Advanced Micro Targeting, Inc., et al.*, Civil No. 25-00116 MWJS-KJM, Findings and Recommendation to Dismiss Plaintiff John Doe 1's Complaint for Failure to Prosecute